```
                 IN THE UNITED STATES BANKRUPTCY COURT

                  FOR THE SOUTHERN DISTRICT OF TEXAS

                           HOUSTON DIVISION
                                          )
IN RE                                     )
                                          )
UNITED FLEET MAINTENANCE, INC.,           )  CASE NO. 05-41222-H3-7
                                          )
          Debtor,                         )
                                          )
```

### MEMORANDUM OPINION

The court has considered the "Trustee's Application to Employ Counsel" (Docket No. 80), filed by Janet S. Casciato-Northrup, the Chapter 7 Trustee. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the application without prejudice to the filing of an application to employ other counsel. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

United Fleet Maintenance, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 22, 2005.

On August 1, 2005, SL Financial, Inc., ("SL") an entity which purports to have leased eleven cranes to International Holdings, Inc., which SL believed to be an affiliate of Debtor, filed two motions for relief from stay. In its motions for relief from stay (Docket Nos. 4, 6) SL asserted that Debtor's

president, Gary Quintinsky, together with Debtor and several of Debtor's affiliates, transferred property among multiple entities in a "shell game" scheme, in order to frustrate SL's exercise of its remedies.

On August 17, 2005, Texas Mutual Insurance Company ("TMI") filed its motion for relief from stay, also asserting "TMI's experience of the Debtor playing a shell game with its related entities to harm creditors."  (Docket No. 25).

The instant case was converted to a case under Chapter 7 of the Bankruptcy Code, by agreed order entered August 25, 2005.  (Docket No. 56).  Janet S. Casciato-Northrup ("Trustee") is the Chapter 7 Trustee.

In the instant application, Trustee seeks to employ the law firm of Munsch Hardt Kopf & Harr, P.C. in Houston, Texas, as her general counsel, with Rhonda R. Chandler to act as lead counsel.  Trustee proposes that the law firm perform, _inter alia_, the following professional services:

> a.  To analyze, institute and prosecute causes of action that are property of the Estate.
>
> b.  To analyze, institute and prosecute actions regarding asset transfers, foreclosure sales, disclaimers, insider transactions and third-party dealings.
>
> c.  To analyze business associations of the Debtor and to determine the interest of the Estate and to institute and prosecute actions to effect the recovery of such interests.

(Application, Docket No. 80, at p. 2.)

The application is supported by the affidavit of Rhonda Chandler.  In the affidavit, Chandler states that the law firm "represents National City Leasing Corporation ('National City'), the holder of secured claims on various cranes held by companies affiliated or owned by the Debtor's principal, Gary Quintinsky (the 'Quintinsky Entities').  The Law Firm has determined that the cranes National City seeks to recover from the Quintinsky Entities are not the same cranes that belong to the Estate.  The Law Firm does not believe a conflict of interest exists."

Lynn Kramer, the attorney who appeared at the hearing on the instant application, stated that the firm has no procedures in place to prevent communication between the attorney who represents National City and the attorneys proposed to work on the instant case.

## Conclusions of Law

Section 327(a) of the Bankruptcy Code provides in pertinent part:  "the trustee, with the court's approval, may employ one or more attorneys...that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  11 U.S.C. § 327(a).

A professional is not necessarily disqualified from representing the Trustee as a result of representation of a creditor.  11 U.S.C. § 327(c).  However, an actual conflict of interest or the appearance of impropriety remain as independent

3

grounds for disqualification.  See e.g., In re Cook, 223 B.R 782 (10th Cir. BAP 1998).

In the instant case, several creditors have asserted that Quintinsky and several entities, including Debtor, have transferred assets among themselves in order to frustrate the activities of creditors.  Chandler states in her affidavit that she has assured herself that the assets other entities assert were transferred among Quintinsky and entities he is alleged to control do not include those in which her other client, National City, asserts an interest.  The Trustee has a duty to investigate the question of whether assets which may have been transferred among entities, including Debtor, are property of the bankruptcy estate.  Chandler's statement demonstrates a bias in favor of National City, to the potential detriment of other creditors of the estate.  This is exactly the sort of conflict of interest which is grounds for disqualification.  The court concludes that the instant application should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Trustee's Application to Employ Counsel" (Docket No. 80).

Signed at Houston, Texas on October 31, 2005.

                                                                        /s/ Letitia Z. Clark
                                                                        HONORABLE LETITIA Z. CLARK
                                                                        UNITED STATES BANKRUPTCY JUDGE